The Honorable Tom Carpenter Little Rock City Attorney 500 W. Markham, Suite 310 Little Rock, AR 72201
Dear Mr. Carpenter:
You have requested approval, pursuant to the Interlocal Cooperation Act [A.C.A. § 25-20-101 et seq.], of an Intergovernmental Police Service Agreement between the City of Little Rock and the University of Arkansas at Little Rock, under the terms of which the parties agree concerning the provision of coordinated law enforcement protection during emergencies on certain designated property.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
The agreement that you have submitted must specify all of the above-listed items.
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state.
Having analyzed the agreement you have submitted, I find that it meets the above-outlined requirements of the law, and is therefore in proper form. It is therefore hereby approved as submitted.
I must note one substantive matter that could become a point of concern. Under the terms of the agreement, officers of the University's Department of Public Safety are granted the authority to make arrests on certain designated property that is not owned or controlled by the University. Such authority is permissible under state law if the officer in question is a certified law enforcement officer. A.C.A. § 16-81-106(b). It is my understanding that under the internal policy of the University's Department of Public Safety, officers of the Department are required to be certified law enforcement officers. However, state law does not require that these officers be certified, A.C.A. § 25-17-304, nor does the proposed agreement require that they be certified. Given the fact that the University requires that these officers be certified, the agreement is consistent with state law. However, if the University should change this policy, the agreement would be rendered contrary to state law, because it grants out-of-jurisdiction arrest authority, but does not require certification. This aspect of the agreement is one that might warrant revision.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh